```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
```

In re:                                                          Case No. 20-01420-HWV
Nicolas G. Samenski                                             Chapter 13
Alysea M. Samenski
        Debtors                    **CERTIFICATE OF NOTICE**

District/off: 0314-1        User: AutoDocke        Page 1 of 1        Date Rcvd: Jul 14, 2020
                            Form ID: pdf010        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 16, 2020.
db/jdb        +Nicolas G. Samenski,   Alysea M. Samenski,   105 Windy Willow Court,   Goldsboro, NC 27530-9647

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 16, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 14, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Elizabeth Haley Rohrbaugh    on behalf of Debtor 1 Nicolas G. Samenski hrohrbaugh@cgalaw.com,
               kbrayboy@cgalaw.com,rminello@cgalaw.com,tlocondro@cgalaw.com,jrosenau@cgalaw.com
              Elizabeth Haley Rohrbaugh    on behalf of Debtor 2 Alysea M. Samenski hrohrbaugh@cgalaw.com,
               kbrayboy@cgalaw.com,rminello@cgalaw.com,tlocondro@cgalaw.com,jrosenau@cgalaw.com
              James  Warmbrodt    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Nicholas G. Samaneski and Alysea M. Samenski,
    Debtors

v.

PENNYMAC LOAN SERVICES, LLC

and

CHARLES J. DEHART III,
CHAPTER 13 TRUSTEE,
    Respondents

CASE NO. 1:20-BK-01420-HWV

CHAPTER 13

ORDER APPROVING SALE OF REAL PROPERTY MOTION TO SELL REAL ESTATE FREE AND CLEAR PURSUANT TO 11 U.S.C. §363(b) and §363(f)

    The Motion of the Debtors, Nicholas G. Samaneski and Alysea M. Samenski,, to Approve the Sale of Real Property Pursuant to 11 U.S.C. §363(b) and §363(f) and Approve Distribution of Proceeds ("Motion") having come this day before the Court, and following Notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interests of the Debtors and their estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable; it is **HEREBY ORDERED** that:

    1. The Debtors, Nicholas G. Samaneski and Alysea M. Samenski, are authorized to sell the Real Property located at and known as 229 Country Ridge Drive, Red Lion, Pennsylvania 17356 (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtors as Sellers, and Patrick Gentzler and Gail Halpin as Buyers, (the "Agreement") free and clear of all liens, mortgages and encumbrances of Respondents and as set forth in the Motion. Such sale shall be to Buyers for the total consideration of $167,900.00 (the "Consideration").

    2. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order. The secured lien against the Real Property is a mortgage held by Penymac Loan Services, LLC and shall be paid in full at closing in accordance with the payoff quotes provided to Debtors. Closing must occur within 30 days of the payoff quote date or a new payoff be requested if closing does not occur within the 30 days.

    3.    The distribution of the funds generated by the sale of the Real Property shall be as follows:

{01788568/1}

      a.      Payment in full for mortgage holder Pennymac Loan Services, LLC.as per the respective payoff quotes provided to Debtors.

      b.      Any present and past due real estate taxes owed on the Property prorated to the date of sale;

      c.      Any notarization or incidental filing or recording fees required to be paid by the Debtors as Sellers;

      d.      Any costs associated with the preparation of the Deed or normal services with respect to closing;

      e.      Attorney fees to CGA Law Firm, P.C. for services in connection with this transaction within this Chapter 13 case will be requested in a fee application plus reimbursement of court costs of $181.

      f.      Realty transfer tax to be paid as per the terms of the Agreement of Sale;

4.      The sale is to a good faith purchaser and for fair market value within the meaning of 11 U.S.C. §363(m) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 142 (3rd Cir. 1986).

5.      The Debtors are empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6.      Fed.R.Bankr. P Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7.      Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary to be recorded in the Office of the Recorder of Deeds of York County, Pennsylvania.

Dated: July 14, 2020      By the Court,

*Henry W. Van Eck* (signature)
Henry W. Van Eck, Chief Bankruptcy Judge (LS)

{01788568/1}